UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER JESTER, | ) Case No. EDCV 09-0158-JEM |
| Plaintiff, | ) MEMORANDUM OPINION AND ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER PROCEEDINGS |
| v. | ) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
| Defendant. | ) |

**PROCEEDINGS**

On February 4, 2009, Heather Jester ("Plaintiff" or "Claimant"), proceeding in forma pauperis, filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Supplemental Security Income ("SSI") benefits. The Commissioner filed an Answer on May 7, 2009. The parties filed a Joint Stipulation ("JS") on August 28, 2009. The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court reverses the Commissioner's decision denying Plaintiff's claim for SSI benefits and remands for further proceedings.

## BACKGROUND

Plaintiff is a 46 year old female who has the severe mental impairment of bipolar disorder. (AR 12.) She alleges a disability onset date of January 1, 1999. (AR 10.) She has not engaged in substantial gainful activity since December 16, 2005. (AR 12.)

On December 16, 2005, Plaintiff filed an application for SSI benefits. (AR 10.) Plaintiff's claim was denied initially on April 8, 2006, and on reconsideration on January 16, 2007. (AR 10.) Plaintiff filed a timely request for hearing on February 15, 2007. (AR 10.) The claimant appeared and testified at a hearing held on December 4, 2007, in San Bernardino, California, before Administrative Law Judge ("ALJ") Jay E. Levine. (AR 10, 19.) Plaintiff's mother Nancy Hester testified as well. (AR 50.) Corinne Porter, an impartial vocational expert, also testified. (AR 10.) Plaintiff was not represented by counsel at the hearing.

The ALJ issued an unfavorable decision on December 28, 2007. (AR 1, 7-19.) The ALJ determined that Claimant has the severe impairment of bipolar disorder (AR 12) but was able to perform her past relevant work or alternative jobs in the national economy. (AR 17, 18.) Thus, the ALJ concluded that Claimant was not disabled within the meaning of the Social Security Act since the date the application was filed. (AR 18.)

On January 9, 2008, Plaintiff filed a timely request for review of the ALJ's decision, accompanied by new medical testimony from Dr. Peterson. (AR 21.) The Appeals Council denied review on November 24, 2008, noting that it had considered the additional evidence submitted. (AR 1.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, there are four disputed issues:

1. Whether the Appeals Council properly considered the opinion of treating physician Dr. Peterson?

2. Whether the ALJ properly considered the State Agency's opinion?

    3. Whether the ALJ posed a complete hypothetical question to the vocational expert?

    4. Whether the ALJ properly held that plaintiff could perform the job of a fast food worker?

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "'more than a mere scintilla' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotations and citations omitted). This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## DISCUSSION

The Court reverses the Appeals Council and ALJ decisions and remands for further proceedings. The Appeals Council failed to provide specific and legitimate reasons supported by substantial evidence in rejecting Dr. Peterson's statement. The ALJ failed to develop the record fully regarding the vocational expert's testimony and Plaintiff's auditory

hallucinations. The ALJ's decision discounting Plaintiff's credibility is unsupported by substantial evidence, particularly as to her auditory hallucinations.

### A. The Sequential Evaluation

The Social Security Act defines disability as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine "whether the claimant is presently engaging in substantially gainful activity." Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantially gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). The ALJ, however, must consider the combined effect of all the claimant's impairments on his or her ability to function, regardless of whether each alone is sufficiently severe. Id. Also, the ALJ must consider the claimant's subjective symptoms in determining severity. Id.

Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in Appendix I of the regulations. Parra, 481 F.3d at 746. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141.

Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). If the claimant cannot perform his or her past relevant work, the ALJ proceeds to the fifth step and

must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that, at all times, the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).

In this case, the ALJ determined that Plaintiff had the severe impairment of bipolar disorder. (AR 12.) The ALJ, however, concluded that Plaintiff could perform her past relevant work or alternate jobs in the national economy. (AR 17, 18.)

**B.    The Appeals Council Plainly Failed to Consider the Treating Physician's Testimony Properly**

Plaintiff's first contention is that the Appeals Council failed to consider Dr. Peterson's testimony properly. Dr. Peterson's medical report diagnosed Plaintiff with psychosis not otherwise specified and major depression. (AR 219.) The report states that medication and therapy are the appropriate medical treatments. (Id.) The report opines that Plaintiff cannot perform her regular job or work part-time or full-time at some other job. (Id.) The report also states that Claimant needs better control of her acute symptoms, especially anxiety attacks. (Id.)

Dr. Peterson's one page report dated January 9, 2008, was not presented at the ALJ hearing in December 2007. It was presented to and received by the Appeals Council which made it part of the record. (AR 5.) The Appeals Council, in denying review of the ALJ decision, stated:

> In looking at your case, we considered the additional evidence listed on the enclosed Order of Appeals Council. We found that this information does not provide a basis for changing the Administrative Law Judge's decision.

(AR 1-2.) Because the Appeals Council chose to make Dr. Peterson's statement part of the record, its evaluation of Dr. Peterson's statement is reviewable by this Court. Wilkins v. Secretary, Dept. of Health and Human Services, 953 F.2d 93, 95-96 (4th Cir. 1990) (en banc).

The Appeals Council's decision was legal error. A treating physician's diagnosis is entitled to greater weight than that of non-treating physicians. Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998); Smolen, 80 F.3d at 1285. If uncontradicted, the ALJ may not reject the treating doctor's opinion without clear and convincing reasons supported by substantial evidence. Reddick, 157 F.3d at 725. Even if contradicted, the ALJ may not reject the treating physician's opinion without specific and legitimate reasons supported by substantial evidence. Id.

The Appeals Council failed to provide specific and legitimate reasons supported by substantial evidence in rejecting Dr. Peterson's statement, which was contradicted by other evidence on the record. The bald conclusion that Dr. Peterson's statement did not provide a basis for changing the ALJ's decision is legally insufficient. The Appeals Council should have set forth specific and legitimate reasons supported by substantial evidence for rejecting Dr. Peterson's statement or remanded the case back to the ALJ to consider it.

The Commissioner offers numerous reasons to support the Appeals Council's rejection of Dr. Peterson's statement. The problem is that none of the proffered reasons were those of the Appeals Council or ALJ. This Court cannot affirm the decision of the Appeals Council on the basis of reasons or evidence never specified by the Appeals Council in its decision or by the ALJ. See, e.g., Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) (district court constrained to review only reasons asserted by the ALJ).

The Commissioner's reasons, advanced as sort of an unstated harmless error argument, are unavailing in any event . The Commissioner observes that there were no treatment records from Dr. Peterson in the record. (JS 4.) This is an admission that the record was not complete or adequate to evaluate Dr. Peterson's opinion, triggering a duty to

conduct an appropriate inquiry. Smolen, 80 F.3d at 1288; Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001). The Commissioner has a special, independent duty to develop the record fully and fairly to assure that the claimant's interests are considered. Tonapetyan, 242 F.3d at 1150; Smolen, 80 F.3d at 1288. The duty to develop the record exists even when the claimant is represented by counsel. Tonapetyan, 242 F.3d at 1150. The duty to develop the record is heightened where the claimant may be mentally ill, as is the case here. Id. The Appeals Council or ALJ should have sought the records of Dr. Peterson or his testimony.

The Commissioner also points to the opinions of consulting and reviewing physicians and the vocational expert that support "the ALJ's determination that Plaintiff was capable of performing work." (JS 5.) These sources were not treating physicians like Dr. Peterson. The opinions of treating physicians are entitled to "special weight," Embrey v. Bowen, 849 F.2d 418, 421 (9th Cir. 1988), indeed the "greatest weight." Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007). Greater weight is given treating physician opinions because treating physicians are "employed to cure and thus have the greatest opportunity to know and observe the patient . . . ." Smolen, 80 F.3d at 1285; see also Orn, 495 F.3d at 633 (treating relationship provides a "unique perspective"). The ALJ obviously never considered the treating physician opinion of Dr. Peterson in reaching the decision that Plaintiff was able to work. The Appeals Council considered Dr. Peterson's opinion but never offered specific and legitimate reasons, or any reasons, for rejecting it. This was legal error. The error was not harmless. Stout v. Commm'r, 454 F.3d 1050, 1055-56 (9th Cir. 2006) (failure to discuss evidence is not harmless unless reviewing court can confidently conclude that no reasonable ALJ, when crediting the testimony, could have reached a different disability determination). This Court cannot say that Dr. Peterson's evidence was inconsequential to the disability determination, particularly when the Appeals Council (or ALJ) has not fully developed the record.

The Commissioner next cites the vocational expert's opinion that Plaintiff could perform her past relevant work or alternate jobs in the national economy. (JS 5.) Ms. Porter, however, also stated that Plaintiff could not perform any work if "she was going to be off-task at least 20 percent of the time due to psychological based symptoms, bipolar disorder." (AR 60.) The ALJ decision does not mention or address this testimony. The ALJ presumably posed this hypothetical based on mild/moderate limitations indicated in the medical record or on the patient's history but never explains why this hypothetical was asked. The ALJ had a duty to develop the record on this point and to clarify the ambiguity, particularly in view of the fact that Plaintiff was mentally ill and unrepresented by counsel. Tonapetyan, 242 F.3d at 1150 (ALJ's duty to develop record is heightened when Claimant is unrepresented and mentally ill). Additionally, Dr. Peterson's evaluation of Plaintiff would lend support to Ms. Porter's off-task work opinion. The Appeals Council should have addressed Ms. Porter's opinion in light of Dr. Peterson's evaluation.

The ALJ also failed to develop the record adequately on another ambiguity or aspect of Plaintiff's mental impairment - her auditory hallucinations. Plaintiff repeatedly and consistently has complained that she hears voices. In a 3/14/06 Work History Report, Plaintiff stated, "Because of the voices in my head and the other problems I've experienced, I was unable to work more than 6 months at any job I've had." (AR 105; see also AR 134 ("I seem to hear the voice more frequently and for longer durations"); AR 140 (hears voices all the time); AR 151 (voices stronger); AR 157, 163, 167, 179 ("I hear voices in my head"); AR 180, 183, 208, 209, 210 (hears a man's voice putting her down at night and when stressed); AR 214 and 215.) No one ever suggested that Plaintiff was being insincere. The ALJ makes but one brief acknowledgment of these auditory hallucinations. (AR 16.) The ALJ dismissed these hallucinations by noting that in one entry in the medical records Plaintiff said that she coped with the voices by ignoring them. (AR 214.) This short-shrift characterization of the record is unfair, incomplete, and inadequate. The ALJ's decision does not evaluate Plaintiff's auditory hallucinations adequately or relate the voices to her

ability to work or consider whether the voices would put her off-task in any work to be performed or offer clear and convincing reasons for dismissing Plaintiff's auditory hallucination symptoms. The ALJ relies heavily on consulting psychiatrist Dr. Abujuela who noted the hallucinations but never discussed them. Dr. Loomis who did a Mental Residual Functional Assessment never addressed the hallucinations or discussed how they might affect Plaintiff's ability to work. The ALJ failed in his duty to develop the record fully in regard to the auditory hallucinations of an admittedly mentally ill woman not represented by counsel.

The ALJ's determination that Plaintiff is not entirely credible is unsupported by substantial evidence, particularly as to Plaintiff's auditory hallucinations. The test in the Ninth Circuit for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the symptoms. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1282. The Commissioner may not discredit a claimant's testimony on the severity of his or her symptoms merely because that testimony is unsupported by medical evidence. Reddick, 157 F.3d at 722; Bunnell v. Sullivan, 947 F.2d 341, 343, 345 (9th Cir. 1991). Unless there is evidence of malingering, the ALJ can reject the claimant's symptom testimony only by offering "specific, clear and convincing reasons for doing so." Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1283-84. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

The ALJ found that Claimant's impairments reasonably could be expected to produce the alleged symptoms. (AR 16.) None of the physicians ever suggested that Plaintiff was insincere or malingering, particularly as to her auditory hallucinations.

The Court also is concerned that Claimant may have been prejudiced by the lack of counsel at the December 4, 2007, hearing. Plaintiff believed that she would be represented by counsel and that he would be present. (AR 33-34.) She was surprised to learn that the attorney had decided not to take her case. (Id.) The ALJ offered Plaintiff a continuance but

this did not relieve the ALJ of his heightened duty to develop the record and protect Plaintiff's interests. Without preparation, Plaintiff, admittedly mentally ill, proceeded with the hearing out of necessity. (AR 35-36.) She presented no medical testimony and did not question the vocational expert. Without counsel, Plaintiff did not know what questions to raise with Ms. Porter or what testimony to offer herself. The ALJ had a duty to develop the record by addressing ambiguities in the record like Ms. Porter's opinion and Plaintiff's auditory hallucinations. Tonapetyan, 242 F.3d at 1150. The Appeals Council, aware that Plaintiff was unrepresented at the ALJ hearing, should have given more attention to Dr. Peterson's statement and reviewed the hearing record more carefully.

As the Court is remanding for further proceedings and to develop the record more fully, there is no need to address the other disputed issues.

**ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security be reversed and remanded for further proceedings.

DATED: January 27, 2010         */s/ John E. McDermott*
                                 JOHN E. MCDERMOTT
                                 UNITED STATES MAGISTRATE JUDGE